IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00763-BNB

ERNEST DANIELS,

    Applicant,

v.

SUSAN JONES (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Ernest Daniels, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Daniels filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the District Court for El Paso County, Colorado, case number 93CR3644. He has paid the $5.00 filing fee for a habeas corpus action.

I. Factual and Procedural Background

On May 4, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response within twenty-one days limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under § 2254(b)(1)(A). On June 8, 2010, Respondents filed their pre-answer response. On July 29, 2010, Mr. Daniels filed a reply to the pre-answer response.

The Court must construe liberally Mr. Daniels' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the action for the reasons stated below.

Mr. Daniels was arrested in 1993 for sexually assaulting a fourteen-year-old girl. He was charged with sexual assault on a child through application of physical force, a class-three felony. Pursuant to a 1994 plea agreement, Mr. Daniels pleaded guilty in El Paso County District Court Case No. 93CR3644 to sexual assault on a child, a class-four felony. Although there was no element of physical force in the class-four felony, one of the elements was that the actor be at least four years older than the child. *See* Colo. Rev. Stat. § 18-3-405(1).

The prosecution agreed to recommend probation, with ninety days in jail as a condition of probation. On February 10, 1994, in accordance with the plea agreement, Mr. Daniels was sentenced to four years' probation, including ninety days in jail. Mr. Daniels did not appeal from his conviction and sentence.

On June 9, 1994, the state trial court revoked Mr. Daniels' probation. On September 9, 1994, the trial court resentenced Mr. Daniels to DOC custody for a term of four years. The sentence was to be served concurrently with a two-year sentence imposed against Mr. Daniels in El Paso County District Court Case No. 94CR1411 on a conviction for first-degree criminal trespass.

On September 8, 1995, the trial court granted Mr. Daniels' motion to reconsider pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure and ordered him to complete the balance of his sentence in community corrections along with his sentence in No. 94CR1411. After Mr. Daniels was terminated from community corrections, the trial court on November 13, 1995 ordered him to complete his four-year sentence in the DOC, concurrent with the sentence in No. 94CR1411. DOC records show that Mr. Daniels discharged the sentence in No. 93CR3644 no later than August 23, 1999. *See* answer, ex. 11 at 2-3.[1]

On September 6, 2001, Mr. Daniels filed a letter with the trial court, which treated the letter as a postconviction motion to vacate his conviction in No. 93CR3644. Mr. Daniels stated he was requesting to withdraw his guilty plea because he had just learned he was, in fact, only three years and seven months older than the victim. The trial court appointed counsel and set the matter for a hearing. For reasons not at issue here, the trial court in April 2006 appointed new counsel for Mr. Daniels. Through counsel, Mr. Daniels filed a formal motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c). After an evidentiary hearing, the trial court denied the postconviction motion as time-barred under Colo. Rev. Stat. § 16-5-402(1).

On October 16, 2008, the Colorado Court of Appeals affirmed. *See People v. Daniels*, No. 06CA1727 (Colo. Ct. App. Oct. 16, 2008) (not published) (answer, ex. 2). On April 6, 2009, the Colorado Supreme Court denied certiorari review (answer, ex. 4).

---

[1]All page numbers listed in this order refer to the cited document's original page numbers and not to the numbering on the Court's CM/ECF (Case Management/Electronic Case Filing) docketing system.

On April 2, 2010, Mr. Daniels filed his original habeas corpus application in this Court. On April 28, 2010, he filed his amended application. He asserts two claims:

> 1. Ineffective Assistance of Counsel[:] In the instant circumstances, I maintain[ ] that my public defender failed to adequately advise me in connection with entry of a guilty plea, because a conviction of statutory rape was unlikely since I was not at least four years older than the victim. Trial counsel's deficiencies in my case [are] blatant. The duty to investigate a case is a bedrock function of defense counsel. Without knowledgeable trial preparation, defense counsel cannot reliably exercise legal judgment. Under the circumstances in this case, both prongs of the tests outlined in Davis v. People, [871 P.2d 769, 772 (Colo. 1994)], have been met.
>
> 2. Justifiable Excuse/Excusable Neglect[:] On December 7, 1993, I was 18 years of age and approximately three years and seven months older than the victim. I pled guilty to the crime believing that I was at leas[t] four years older than the victim. The record appears clear that nobody including the police, the prosecutor, the district court judge, nor defense counsel undertook the minuscule amount of time necessary to actually compare the respective dates of birth and ascertain the age difference between [me] and the victim. Amongst the other arguments made, I argue that a mutual mistake of fact existed between all parties with respect to the age difference between me and the victim, and such mutual mistake served to render the plea agreement involuntary under a due process analysis and void. I argue that it was because of this mutual mistake of fact that I didn't pursue a postconviction motion before 2001 due to the lack of knowledge of the victim's precise age or date of birth. And that the prosecutor stated that I was four to five months older than the four year limit in the providence hearing.

April 28 amended application at 5-6; see also answer, ex. 13 at 5-6.

## II. Legal Analysis

Respondents argue that the Court is without jurisdiction to hear Mr. Daniels' claims concerning his 1994 conviction in No. 93CR3644 because Mr. Daniels was not

4

"in custody" pursuant to his conviction in No. 93CR3644 when he filed his amended application on April 28, 2010. *See* 28 U.S.C. § 2254(a). Therefore, Respondents argue, the instant application should be denied. The Court notes that Mr. Daniels discharged his sentence in No. 93CR3644 no later than August 23, 1999, and, according to Respondents' reasoning, Mr. Daniels also would not have been "in custody" when he filed his original application on April 2, 2010.

Mr. Daniels is in DOC custody on 2008 convictions in Arapahoe County District Court Case No. 07CR2202 and El Paso County District Court Case No. 05CR5347. *See* answer, ex. 7 at 1. In No. 07CR2202, Mr. Daniels is serving a fifty-four-month sentence on a conviction for possession of a controlled substance, a class-four felony. *Id.*; *see also* answer, ex. 9 at 9. In 05CR5347, he is serving a one-year sentence on a conviction for failure to register as a sex offender. *See* answer, ex. 7 at 1; ex. 10 at 3, 10, and 12. The one-year sentence was ordered to be served concurrently with his fifty-four-month sentence. *See* answer, ex. 10 at 12.

The Court does not reach the merits of Mr. Daniels' claims because the Court lacks subject matter jurisdiction over the instant application. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Pursuant to § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Id.* at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Relief generally is unavailable through a writ of habeas corpus when an applicant seeks to challenge a prior conviction for which the person no longer is "in custody." *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See, e.g., Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was "in custody" under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence, and job, and refraining from certain activities); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief."); *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) ("It is equally clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute.").

However, once the sentence imposed for a conviction has expired, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

It is undisputed that Mr. Daniels has completed his sentence for the conviction for sexual assault on a child in No. 93CR3644. For the reasons stated below, the Court finds that Mr. Daniels' sex offender registration requirement that resulted from his underlying conviction in No. 93CR3644 does not constitute a restraint on his liberty that satisfies the "in custody" requirement for habeas review of the underlying conviction.

The United States Court of Appeals for the Tenth Circuit has not addressed whether an individual subject to Colorado's sex offender registration statute, but whose conviction and sentence have expired, can challenge the registration requirements in a habeas corpus proceeding under § 2254. However, each circuit court to consider the issue has determined that the burdens imposed by a state sex offender registration statute do not meet the custody requirement of the habeas corpus statutes, § 2254 and 28 U.S.C. § 2241, which also requires that "[t]he writ of habeas corpus shall not extend to a [state] prisoner unless– . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *see also Virsnieks v.*

*Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (reasoning that Wisconsin's sexual offender registration requirement is a collateral consequence rather than a significant restraint on the petitioner's liberty sufficient to satisfy the "in custody" prerequisite for federal habeas corpus review); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (same conclusion under Ohio's sex offender registration statute)[2]; *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same conclusion under California's sex offender registration statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same conclusion under Oregon's sex offender registration law); *Williamson v. Gregoire*, 151 F.3d 1180, 1185 (9th Cir. 1998) (same conclusion under Washington's sex offender registration law). Federal district court decisions, including a decision from this Court, are in accord. *See Coleman v. Arpaio*, No. 09-6308, 2010 WL 1707031, at *3 (D. N.J. Apr. 27, 2010) (unpublished) (collecting district court cases holding that the requirement to register as a sex offender imposed by state statutes does not satisfy the custody requirement of federal habeas review); *see also Frazier v. People*, No. 08-cv-02427-CMA, 2010 WL 2844080 (D. Colo. July 16, 2010) (same conclusion under Colorado's sex offender registration law in a habeas corpus proceeding pursuant to § 2241).

The Colorado sex offender registration statute does not restrain Mr. Daniels' liberty in any meaningful way. It clearly is a collateral consequence of his conviction, rather than the type of restraint on liberty that satisfies the "in custody" requirement for

---

[2] The Court notes that in *Virsnieks* and *Leslie* the respective prisoners filed a habeas action challenging the state's sex offender registration laws while they were still incarcerated. The circuit courts held that, even though the petitioners were incarcerated, they were not challenging their convictions or sentences and, therefore, had to meet the custody requirement of the habeas statute. *Virsnieks*, 521 F.3d at 718-20; *Leslie*, 296 F.3d at 521-23.

purposes of § 2254. *See Williamson*, 151 F.3d at 1184 ("[T]he constraints of this [sex offender registration] law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement."). The fact that Mr. Daniels is subject to sex offender registration requirements as a result of his underlying conviction does not constitute being "in custody" such that it can permit federal habeas review of the expired underlying conviction. Notably, Colorado's sex offender registration requirements are remedial, not punitive. *See Mayo v. People*, 181 P.3d 1207, 1212 (Colo. App. 2008) (interpreting Colo. Rev. Stat. § 16-22-112(1) (2007), which provides that "the public must have access to information concerning persons convicted of offenses involving unlawful sexual behavior . . . to allow them to adequately protect themselves and their children from these persons"); *People v. Stead*, 66 P.3d 117, 120 (Colo. App. 2002) (intent of General Assembly in enacting sex offender registration provisions "is not to inflict additional punishment, but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety"). The remedial nature of the sex offender registration statute supports the conclusion that the requirements are a collateral consequence of conviction rather than a significant restraint on liberty." *See Virsnieks*, 521 F.3d at 720; *Williamson*, 151 F.3d at 1184; *Leslie*, 296 F.3d at 522-23.

The fact that Mr. Daniels currently is serving a one-year sentence on his conviction in No. 05CR5347 for failure to register as a sex offender also does not satisfy the "in custody" requirement of § 2254. Other courts have recognized that a threat of future incarceration dependent entirely upon the individual's own choice not to

9

comply with the sex offender registration law, without any present restraint on liberty, does not satisfy the custody requirement. *See, e.g., **Virsnieks***, 521 F.3d at 720; ***Williamson***, 151 F.3d at 1184; *cf. **Maleng***, 490 U.S. at 492 (holding that a habeas petitioner does not "remain 'in custody' under a conviction after the sentence imposed it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted").

Mr. Daniels' conviction in No. 93CR3644 had expired fully at the time his application was filed and, therefore, any collateral consequences of that conviction, including criminal penalties for failure to register, cannot constitute "custody" for purposes of the underlying conviction. *See **Davis v. Nassau County***, 524 F. Supp. 2d 182, 189 (E.D.N.Y. 2007). The fact that these collateral penalties are not merely a possibility, but actually materialized for Mr. Daniels in No. 05CR5347, does not make them any less collateral and, therefore, does not change the "in custody" analysis. *See id.* Once the conviction has fully expired, the "in custody" requirement cannot be met simply by becoming re-incarcerated for violating some collateral consequence of a conviction, such as failure to register as a sex offender. *Id.* at 190. Therefore, the Court finds that it lacks subject matter jurisdiction over the instant habeas corpus application because Mr. Davis is not "in custody" as required by § 2254.

Assuming, *arguendo*, that this Court does have subject matter jurisdiction over Mr. Daniels' claims, the Court will address Respondents' argument that this action is

10

barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Daniels' judgment of conviction was entered on February 10, 1994. Respondents argue that his conviction and sentence became final prior to April 24, 1996, the date the

one-year limitation period in § 2244(d) was enacted into law. Therefore, in the absence of any reason to toll the limitations period, they contend Mr. Daniels should have initiated this action by April 24, 1997, one year after the statute's effective date. See **United States v. Hurst**, 322 F.3d 1256, 1260-61 & n.4 (10th Cir. 2003). The instant action was submitted to the Court on April 2, 2010, well beyond the one-year limitation period.

However, as previously stated, on September 9, 1994, after Mr. Daniels' probation was revoked, the trial court resentenced him to DOC custody for a term of four years. Resentencing starts a new limitations period for federal habeas purposes only with regard to claims related to the new judgment. See **Bachman v. Bagley**, 487 F.3d 979, 982 (6th Cir. 2007) (applicant's designation as sexual predator did not restart statute of limitations, as all federal habeas claims related to original judgment); see also **Fielder v. Varner**, 379 F.3d 113, 122 (3d Cir. 2004); but see **Walker v. Crosby**, 341 F.3d 1240, 1246 (11th Cir. 2003) (resentencing restarts statutes of limitations for all claims of habeas application); see also **People v. Peretsky**, 616 P.2d 170 (Colo. 1980) (the revocation of a deferred sentence is similar to the revocation of probation in that both result in final judgments from which an appeal may be taken). Mr. Daniels' claims do not concern the new judgment, but rather relate to his original sentence.

Even so, assuming that Mr. Daniels' conviction became final on October 24, 1994, forty-five days after his September 9, 1994, resentencing and the time during which he could have appealed, see **Gibson v. Klinger**, 232 F.3d 799, 804 (10th Cir. 2000), see also Colo. R. App. P. 4(b), the one-year limitations period began to run on October 25, 1994, the day after his conviction became final. Because Respondents fail

to indicate when Mr. Daniels filed his Colo. R. Crim. P. 35(b) motion to reconsider, the Court is unable to determine the number of days between October 25, 1994, and the filing of the Rule 35(b) motion. Respondents only assert, and the record only shows, that on September 8, 1995, the trial court granted the Colo. R. Crim. P. 35(b) motion and ordered Mr. Daniels to complete the balance of his sentence in community corrections. Mr. Daniels then had forty-five days, or until October 24, 1995, to appeal from this ruling. *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).

Therefore, assuming that the Colo. R. Crim. P. 35(b) motion was pending in state court from September 9, 1994, when Mr. Daniels was resentenced, until October 24, 1995, Mr. Daniels' application is time-barred. The 2,144 days from October 24, 1995 to September 6, 2001, when Mr. Daniels filed the letter treated as a postconviction motion to vacate his conviction in No. 93CR3644, count against the one-year limitation period. As a result, the one-year limitation period expired before Mr. Daniels filed his postconviction motion to vacate. On the basis of these time computations, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective

13

pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims with reasonable diligence, *see Holland*, 130 S. Ct. at 2565, and it is the inmate's "strong burden" to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Daniels fails to allege any facts that might justify equitable tolling of the one-year limitation period, and he fails to demonstrate that he has pursued his claims diligently. Therefore, the Court finds that equitable tolling is not appropriate, and the action also will be dismissed as barred by the one-year limitation period. Because the instant action will be dismissed for lack of subject matter jurisdiction and as time-barred, the Court need not address Respondents' remaining arguments concerning exhaustion of state remedies and procedural bar.

### III. Conclusion

For the reasons stated above, the Court will deny the habeas corpus application and dismiss the instant action for lack of subject matter jurisdiction and as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of subject matter jurisdiction and as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  8th  day of  September , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00763-BNB

Ernest Daniels
Prisoner No. 84426
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Roger G. Billotte
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/9/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk